UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61822-Civ-Dimitrouleas/Rosenbaum

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

CLIENT SERVICES, INC.,

      Defendant.
_____/

## SECOND AMENDED CLASS ACTION COMPLAINT
## AND JURY DEMAND

1.    Plaintiff Cecelia A. Hicks, on behalf of herself and all others similarly situated, alleges that Defendant Client Services, Inc. violated (1) the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), by failing to identify itself and failing to inform the consumer that "this is an attempt to collect a debt." and (2) the Telephone Consumer Protection Act, 47 §§ 227 *et seq.* (hereinafter "TCPA"), by using an automatic telephone dialing system to telephone Plaintiff's cellular telephone service.

### I.  JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337, and 15 U.S.C. §1692k . Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

3. Upon information and belief, the amount involved in this matter exceeds $75,000.

## II. PARTIES

4. Plaintiff, CECELIA A. HICKS, is a natural person who resides in, and is a citizen of, Broward County, Florida. Ms. Hicks is a "consumer" as defined by 15 U.S.C. §1692a(3). Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

5. Defendant, CLIENT SERVICES, INC., is believed to be a corporation with its principal place of business at 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301. Defendant is a "person," as defined by 47 U.S.C. § 153 (10). Defendant is a citizen of the State of Missouri.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA.

## III. FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9. Defendant used an automatic telephone dialing system to leave the following messages on Plaintiff's cellular phone on or about the dates stated:

September 7, 2007

3

> Hi. This message is for Cecelia Wilson or Willie Hicks. My name is Barbara Norman. My phone number is 1-800-521-3236, extension 3856. This is regarding a personal matter. I need you to call me back. Once again my number is 800-521-3236, extension 3856. Thank you.

<u>September 21, 2007</u>

> This message is for Cecelia Hicks. My name is _____ (inaudible) and it is very important that you return my call. The number is 1-800-521-3236 and my extension is 4715.

10. Based upon information and belief, Defendant left similar or identical messages on Plaintiff's cellular telephone on other occasions (collectively, "the messages").

11. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).

12. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector

13. Defendant failed to inform Plaintiff in the messages that "this is an attempt to collect a debt."

14. Defendant failed to identify itself in the messages.

15. At all times relevant Defendant conducted business in the State of Florida and in the County of Broward.

16. Defendant contacted Plaintiff on Plaintiff's cellular telephone service by using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

17. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

4

18. The telephone number Defendant called was assigned to a cellular telephone service.

19. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(I).

20. Plaintiff did not provide express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. These telephone calls by Defendant were in violation of 47 U.S.C. §227(b)(1).

22. Defendant willfully or knowingly placed the telephone calls to Plaintiff's cellular telephone service through use of an automatic telephone dialing system in violation of U.S.C. § 227 (b)(3)(c).

## IV. CLASS ACTION ALLEGATIONS

23. This action is brought on behalf of two class actions.

24. The FDCPA class is defined as (i) all Florida residents (ii) to whom Defendant Client Services left a telephone message (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) in which Defendant failed to state it is from a debt collector, or that it was an attempt to collect a debt (v) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

25. The TCPA class is defined as (i) all Florida citizens (ii) who received any telephone call from Defendant to said person's cellular telephone service made (iii) through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (iv)

5

during the four year period prior to the filing of the Second Amended complaint in this matter through the date of class certification.

26. Plaintiff alleges on information and belief, based on Defendant's use of telephone messages to a cellular telephone service through an automatic telephone dialing system or artificial voice, that the classes are so numerous that joinder of all members is impractical.

27. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

      a. Whether Defendant is a debt collector.

      b. Whether Defendant's telephone messages violate the FDCPA.

      c. Whether Defendant's telephone messages violate the TCPA.

28. Defendant, its employees and agents are excluded from the classes. Plaintiff and members of the TCPA Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the TCPA Class members via their cellular telephones, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the TCPA Class members.

29. The claims of Ms. Hicks are typical of those of the class members. All are based on the same facts and legal theories.

6

30. Ms. Hicks will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

31. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

32. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

   b  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Plaintiff requests certification of a hybrid class action combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## V. COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff incorporates the foregoing paragraphs.

35. Defendant failed to disclose in the telephone messages that it is a debt collector and that "this is an attempt to collect a debt" in violation of 15 U.S.C. §1692e(11). See: *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); *Begin v. Litton Loan*

7

*Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006).

36. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. §1692d(6).  See: *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp.2d 1104 (S.D.Cal. 2005).

## VI.  COUNT II
## TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff incorporates the foregoing paragraphs.

38. Defendant violated the TCPA by placing telephone calls to cellular telephone service by use of an automatic telephone dialing system in violation of 47 U.S.C. §§227.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. As a result of Defendant's willful or knowing violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VI. REQUEST FOR RELIEF

Cecelia A. Hicks requests that the Court enter judgment in favor of herself and the class she seeks to represent against Defendant Client Services, Inc. for:

A. Certification of this matter to proceed as a class action;

B. Declaratory judgment that Client Services' telephone messages violate the FDCPA.

C. An injunction barring Defendant from calling cellular telephones through use of an automatic telephone dialing system in violation of the TCPA.

D. Statutory damages pursuant to 47 U.S.C. §227(b)(3)

E. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

F. Attorney's fees, litigation expenses and costs of suit, and

G. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff Cecelia A. Hicks demands trial by jury.

Respectfully submitted,

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com

By s/Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658