UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61822-Civ-Dimitrouleas/Rosenbaum

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

CLIENT SERVICES, INC.,

        Defendant.
_____/

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and L.R. 7.5 of the Rules of the U.S. District Court for the Southern District of Florida, Plaintiff Cecelia A. Hicks, on behalf of herself and the classes she seeks to represent, makes the following statement of material facts as to which she contends there is no genuine issue to be tried.

1.      Plaintiff Cecelia A. Hicks is a natural person who resides in Broward County, Florida and is a "consumer" as defined by 15 U.S.C. §1692a(3), and is a "person" as defined by 47 U.S.C. § 153 (10). The debt Defendant sought to collect from Ms. Hicks was incurred primarily for personal, family or household purposes. It is a "debt" as defined by 15 U.S.C. §1692a(5).

Declaration of Cecelia A. Hicks in Support of Plaintiff's Motion for Summary Judgment ("Hicks Declaration"), attached hereto as <u>Appendix 1</u>.

    2.    Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts, it regularly collects or attempts to collect debts for other parties. CSI is a "debt collector" as defined in the FDCPA, it sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes. Plaintiff's First Set of Discovery Requests attached hereto as <u>Appendix 2</u>, and Defendant's Amended Responses to Requests for Admission #4-6 ("CSI's Admissions"), attached hereto as <u>Appendix 3</u>.

    3.    Defendant left the following messages on Plaintiff's cellular phone on or about the dates stated:

September 7, 2007

> Hi. This message is for Cecelia Wilson or Willie Hicks. My name is Barbara Norman. My phone number is 1-800-521-3236, extension 3856. This is regarding a personal matter. I need you to call me back. Once again my number is 800-521-3236, extension 3856. Thank you.

<u>September 21, 2007</u>

> This message is for Cecelia Hicks. My name is _____ (inaudible) and it is very important that you return my call. The number is 1-800-521-3236 and my extension is 4715.

CSI's Admissions #6. And Deposition transcript of Don Funke, Rule 30(b)(6)

witness for CSI (hereinafter "Funke Deposition."), pages 118, 119 and 121, filed with the Court as (DE 55).

    4.    CSI has admitted that it left telephone messages similar to those received by Ms. Hicks for more than 1,000 Florida residents. CSI's Admissions #12.

    5.    Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector. Funke Deposition page 118, 119 and 121.

    6.    Defendant failed to inform Plaintiff in the messages that "this is an attempt to collect a debt." Funke Deposition page 118, 119 and 121.

    7.    CSI failed to identify itself in the messages. Funke Deposition page 118, 119 and 121.

    8.    CSI telephoned Ms. Hicks on her cellular telephone service through the use of an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1). Funke Deposition page 30, page 115 - 118.

    9.    CSI telephoned Ms. Hicks cellular telephone 48 times using an automatic telephone dialing system. Funke Deposition pages 115 - 118.

    10.    CSI makes between 1,000 and 10,000 telephone calls daily via an "automatic telephone dialing system." Funke Deposition page 29 and page 30.

    11.    CSI states: "CSI further states that in the time period of December

13, 2006 through the present, CSI's clients have placed 97,047 accounts with CSI for collection." Defendant's Response to Request for Interrogatories # 2 attached hereto as <u>Appendix 4</u>.

12. The telephone calls to the TCPA class were not for emergency purposes. Funke Deposition page 120 lines 1 to 3.

13. Plaintiff did not provide prior express consent to receive calls on her cellular telephone service placed through the use of an automatic telephone dialing system. Hicks Declaration.

14. Defendant willfully or knowingly placed the telephone calls to cellular telephone service through use of an automatic telephone dialing system. "Well, we don't differentiate between a call phone or a home number. We don't know." and "Nobody in our company would know that because we don't differentiate between a home number and a cell phone" Funke Deposition, page 46, line 21 to page 48 and 13.

15. The net worth of CSI is $23,125,102. Defendant has produced its Audited Financial Statements establishing its net worth as $23,125,102. To protect the confidential nature of the financial information, Plaintiff has not filed this information with the Court. Should Defendant contest its net worth, Plaintiff will file the Audited Financial Statements with the Court.

16. CSI had a policy of not disclosing that it is a debt collector in

telephone messages left with consumers. Funke Deposition pages 60 to 62, 118, 119 and 121

17.     CSI had a policy of telephoning consumers using a automatic telephone dialing system regardless of whether of not the number called was a cellular telephone. CSI made no effort to determine if the telephone numbers it called were assigned to cellular telephones. "Well, we don't differentiate between a call phone or a home number. We don't know." and "Nobody in our company would know that because we don't differentiate between a home number and a cell phone" and regarding "cell phone scrubs" which is a comparison of numbers to databases of known cell numbers: "I know that our firm does not do that" Funke Deposition, page 46, line 21 to page 48 and 13. Funke Deposition, page 46, line 21 to page 48 and 13.

 s/ Donald A. Yarbrough
DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
donyarbrough@mindspring.com

 s/ Craig M. Shapiro
Craig M. Shapiro
HORWITZ, HORWITZ &    ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602

(312) 372-8822
craig@horwitzlaw.com


**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61822-Civ-Dimitrouleas/Rosenbaum

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

CLIENT SERVICES, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 17, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                   s/Donald A. Yarbrough
                                                   Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606

Via Notices of Electronic Filing generated by CM/ECF