UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-61822-Civ-Dimitrouleas/Rosenbaum

CECELIA A. HICKS, on behalf
of herself and all others
similarly situated,

   Plaintiff,

v.

CLIENT SERVICES, INC.,

   Defendant.
_____/

## DEFENDANT'S MOTION TO DECERTIFY CLASS
## AND MEMORANDUM OF LAW

Defendant, Client Services, Inc. ("CSI") through its undersigned counsel, files this Motion to Decertify Class and Memorandum of Law and states as follows:

**A.  Procedural/Factual Background.**

This case was filed by Plaintiff on or about December 13, 2007.  (DE 1)  The original Complaint alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692a, *et seq.* (the "FDCPA") by leaving certain messages on Plaintiff's cell phone on September 7, 2007, and September 21, 2007.  *Ibid.*

On October 15, 2008, Plaintiff filed her Motion for Class Certification.  (DE 61)  On December 10, 2008, this Court entered its Order (DE 90) certifying a FDCPA class pursuant to Fed. R. Civ. P. 23(b)(3) consisting of:

all Florida residents to whom Defendant Client Services, Inc. (CSI) left a telephone message in an attempt to collect a debt incurred for personal, family, or household purposes in which

Defendant failed to state it is from a debt collector, or that it was an attempt to collect a debt during the one year period prior to the filing of the complaint in this matter through the date of class certification. (DE 90)

The class has more than 122,000 members.[1]

The Court can no longer maintain a finding that this class action is superior to other available methods for fairly and efficiently adjudicating this matter, due to the that lack of any recovery by class members. The FDCPA, at 15 U.S.C. § 1692k, caps class damages at "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." Conversely, individual plaintiffs are entitled to up to $1,000 for successfully prosecuting an action under the FDCPA.

Defendant's net worth as of January 31, 2009 was $15,144,964.00. *See*, Affidavit of Bradley Franta attached hereto as Exhibit "B". As such, the total amount of class-wide distribution available is $151,449.64, of which each class member would receive approximately $1.24. Proceeding as a class automatically reduces each class member's potential recovery of statutory damages by over 99%. Furthermore, the cost of the administration of the class and the cost of mailing notices to over 122,000 class members would exceed $100,000 for notice, mailing and postage fees incurred. *See*, Exhibit "C" attached hereto.

Given the fact that class members would receive less than 1% of what each would recover for an individual action and the fact that the cost of administration of the class is exponentially high in comparison to the potential overall recovery of the class, a class action is not the superior method for the adjudication of this controversy. While a de minis monetary

---

[1] The Defendant originally believed the class was composed of approximately 57,000 members. However, an error occurred during the compilation of the original class list. When the error was discovered and corrected, Defendant was able to determine the class consisted of more than 122,000 members. *See,* Affidavit of Conrad P. Schopp, attached hereto as Exhibit "A".

recovery does not in and of itself automatically bar a class action, the sharp reduction in monetary damages class members would potentially receive renders the Plaintiff unable to demonstrate that a class action is superior to other available methods for the fair and efficient adjudication of this matter. Therefore, Defendant respectfully requests an order from this Court decertifying the Class.

## Memorandum of Law

In deciding whether to certify a class, a district court has broad discretion. *See, Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). A class action may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met. *See, Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984).

Parties seeking class action certification must satisfy the four requirements of Federal Rule of Civil Procedure 23(a), commonly referred to as numerosity, commonality, typicality and adequacy of representation. *See, Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997). In addition to meeting the four requirements of Rule 23(a), parties seeking class certification must prove that the action is maintainable under one of the three subsections of Rule 23(b). *Id.*, 521 U.S. at 614.

In the instant case, the Court certified the class pursuant to Rule 23(b)(3), which requires that:

> (1) questions of law or fact common to the members of the class predominate over any questions affecting only individuals members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

To determine if the superiority requirement of Rule 23(b)(3) is satisfied, the Court must consider the following:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
> (C) the desirability or undesirability of concentrating the litigation of claims in the particular forum; and
> (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

It is the Plaintiff's burden to prove that class treatment is superior and to prove that the Defendant has a net worth sufficient to make a class action superior to individual law suits. *See, Kohlenberger v. Dickinson*, 1996 U.S. Dist. LEXIS 3144, *6 (N.D. Ill. 1996).

Several courts have determined that nominal recovery provides a basis for denying certification at the outset or decertifying a class once certification has occurred. *See, e.g.*, *Leyse v. Corporate Collection Serivces, Inc.*, 2006 U.S. Dist. LEXIS 67719 2006 WL 2708451, *9 at n.5 (S.D.N.Y. 2006); *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 570 (D. Minn. 2003); *Gradisher v. Check Enforcement Unit, Inc.*, 209 F.R.D. 392, 393 (W.D. Mich. 2002); *Daenzer v. Wayland Ford, Inc.*, 210 F.R.D. 202, 205 (W.D. Mich. 2002); *Lyles v. Rosenfeld Attorney Network*, 2000 U.S. Dist. LEXIS 8543, (N.D. Miss. 2000); *Fainbrun v. Southwest Credit Sys., L.P.*, 2008 U.S. Dist. LEXIS 21156 (E.D.N.Y. 2008).

In *Jones v. CBE Group, Inc.,* 215 F.R.D. 558 (D. Minn. 2003), plaintiff brought an FDCPA class action against a debt collection service. After reviewing evidence of net worth *in camera*, the court determined that the class members would recover only a nominal amount. *Id.* at p. 570. The court therefore denied certification. In doing so, the court directly addressed the

4

argument often made by plaintiff's counsel in FDCPA cases that due to the relatively small value of FDCPA cases, there is little or no incentive for persons to pursue them. Specifically, the court stated that since the FDCPA provides for not only damages, but recovery of attorneys' fees and costs as well "[t]here is no lack of incentive for either plaintiffs or counsel to pursue individual FDCPA actions." *Id.*

As this Court well knows from personal experience, there is simply no shortage of FDCPA cases being filed. In fact, the Court can take judicial notice of the docket for just the United States District Court for the Southern District of Florida to determine that scores of FDCPA cases are filed on a monthly basis. One of the Plaintiff's attorneys Donald Yarbrough himself filed *in excess of 100* FDCPA cases in the Southern District alone in 2008. Likewise a Lexis search for published opinions involving Mr. Yarbrough's co-counsel Horwitz, Horwitz & Associates yields *270* published opinions in which that firm was counsel of record in an FDCPA case filed in a state or federal court. Of course, published opinions occur in only a very small percentage of cases that are filed. As such, it is easy to extrapolate the numbers of FDCPA lawsuits filed by the Horwitz firm into the thousands. This is no personal slight to Mr. Yarbrough or his co-counsel, only an indication that there is clearly no "lack of incentive" for attorneys or plaintiffs to pursue individual actions under the FDCPA.

In *Sonmore,* also an FDCPA case, the court determined that class litigation was not the superior means of resolving the matter because of the significant difference in potential recovery for unnamed class members as opposed to individual claimants. *See Sonmore v. Checkrite Recovery Service, Inc.,* 206 F.R.D. 257 (D. Minn. 2001). Specifically, the court stated: "class treatment would be detrimental to absent class members because it would substantially limit their recovery." *Id.*

Defendant anticipates that Plaintiff may argue that if the class members do not believe the settlement is fair, they can simply opt out. This argument was addressed by the court in a case called *Bryant v. Bonded Accounts Service/Check Recovery,* 208 F.R.D. 251, 264 (D. Minn. 2000) in which the court stated:

> the fact that a class member may, upon notice, choose to opt out of the class and pursue their claim individually thereby protecting his/her individual interest in receiving a larger recovery, does not necessarily mean that a class action is the appropriate method for resolving the dispute. The mere fact that a class member may choose to opt out of the action does not render the previously inappropriate method for resolving this dispute into the method that is superior to all other available methods for the fair and efficient adjudication of the matter.

*Id.* at 264.

In reaching its conclusion, the court in Bryant relied, in part, on the court's reasoning in *Lyles v. Rosenfeld Atty. Network*, 2000 U.S. Dist. LEXIS 8543 (N.D. La. 2001). In Lyles, the potential recovery for the 26,767 member FDCPA class would have been $18.68 (more than ten times what each class member would get in this case). *Id.*, 2000 U.S. Dist. LEXIS 8543, *17. The court found this amount "shockingly law" when compared to the amount each class member would have been entitled to recover on an individual basis. *Id.* The Court therefore, denied certification stating:

> It is the FDCPA's cap on class action damages, combined with the large number of putative class members that causes this unacceptably large discrepancy in the amount of available damages. By certifying the class, the court would ensure a reduction of over 98.5 percent in each class members' potential recovery. While a potential de minimis monetary recovery does not in and of itself automatically bar a class action, the sharp reduction in monetary damages class members would potentially receive renders the Plaintiffs in this action unable to adequately demonstrate that a class action is superior to other available methods for the fair and efficient adjudication of this matter.

*Id.*

Again, the class members in this case get essentially nothing.  Unlike other FDCPA cases in which certification was granted despite nominal damages due to the fact that injunctive relief was afforded, this Court has previously held that the FDCPA does not provide for injunctive relief.  (DE 90)  As such, all the class members can recover in this case is money, and of that, they get nothing.

Given this fact, along with the fact that the costs of administering this class will easily exceed $100,000, a class action is not the superior means of resolving this matter.

WHEREFORE, Defendant respectfully requests an Order from this Court Decertifying the instant action as a class action.

> Respectfully submitted by:
>
> /s/ Dale T. Golden
> **GOLDEN & SCAZ, PLLC**
> Dale T. Golden, Esquire
> FBN:  0094080
> 2124 W. Kennedy Blvd., Suite A
> Tampa, FL  33606
> Phone:  813-251-5500
> Fax:  813-251-3675
> Email: dale.golden@goldenscaz.com
> Attorneys for Defendant Client Services, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> /s/ Dale T. Golden
> DALE T. GOLDEN, ESQUIRE