UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61822-CIV-DIMITROULEAS

CECELIA A. HICKS, on behalf of
herself and all others similarly situated,

      Plaintiff,                          Magistrate Judge Snow

vs.

CLIENT SERVICES, INC.,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DECERTIFY CLASS

THIS CAUSE is before the Court upon the Defendant Client Services, Inc.'s Motion to Decertify Class [DE 118] filed on March 25, 2009. The Court has carefully considered the Motion, the Plaintiff's Opposition to Defendant's Motion to Decertify Class [DE 123], the Defendant's Reply to Plaintiff's Response to Defendant's Motion to Decertify Class [DE 125], and the parties' affidavits and exhibits, and is otherwise fully advised in the premises.

On December 11, 2009, this Court issued an Order [DE 90] granting, in part, Plaintiff's Motion for Class Certification. Defendant now moves to decertify the class on the grounds that the Court can no longer maintain the finding that class action is the superior method of adjudication. Defendant argues that the maximum allowed recovery in an FDCPA class action limits the potential recovery of a class this large to a de minimis amount per class member. Plaintiff responds that courts have not allowed the prospect of de minimis individual recovery to defeat certification of FDCPA classes.

1

To determine if the superiority requirement of Rule 23(b)(3) is satisfied, the Court must consider the following:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
> (C) the desirability or undesirability of concentrating the litigation of claims in the particular forum; and
> (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3); see also, De Leon-Granados v. Eller & Sons Trees, Inc., 497 F.3d 1214, 1220 (11th Cir. 2007). Class actions are particularly superior for cases where individual recovery would be small, because class actions "overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." Amchem Prods. v. Windsor, 521 U.S. 591, 617 (1997) (quoting Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997)).

The Fair Debt Collection Practices Act (FDCPA) allows individuals to recover any actual damages caused by a violation in addition to statutory damages of up to $1,000. 15 U.S.C. §1692k(a). The FDCPA also limits damages in class actions to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. §1692k(a)(2)(B).

According to Defendant, its net worth as of January 31, 2009, is $15,144,964.00. Defendant also states that the class is composed of more than 122,000. Thus, should Plaintiff class prevail, the maximum recovery per class member would be $1.24.[1] If the class members

---

[1] Plaintiff expressed suspicion of these numbers. Defendant had earlier given a class size of 57,000 and an estimated net worth of $29 million. Even under these numbers, class members would each have a recovery of $5.09. That amount is still less than 1% of the

were to pursue the claims individually, they could potentially recover a much greater amount: $1,000 in statutory damages, plus actual damages, and attorney's fees.

Defendants have cited several cases asserting that they stood for the proposition that a de minimis recovery for each class member should defeat class certification. In Leyse v. Corporate Collection Services, the court denied class certification because the plaintiff had failed to establish numerosity. 2006 U.S. Dist. LEXIS 67719 *25 (S.D.N.Y. Sept 18, 2006). However, the court also noted that the plaintiff would also fail to establish that class action was the superior method of adjudication because of the de minimis recovery for class members. Id. at *25 n.5. In Jones v. CBE Group, Inc., the court found that the de minimis recovery by the plaintiffs would prevent class action from being the superior method of litigation. 215 F.R.D. 558, 570 (D. Minn. 2003). The court noted that FDCPA claims are distinguishable from other small-amount claims in that the FDCPA provides for statutory damages and attorney's fees, so that there would be no lack of incentive for plaintiffs to pursue individual actions. Id. Similarly, Defendant cited several other cases providing support for decertification. Gradisher v. Check Enforcement Unit, Inc., 209 F.R.D. 392, 394 (W.D. Mich. 2002) (ordering decertification where the recovery per class member was $0.06); Sonmore v. CheckRite Recovery Services, 206 F.R.D. 257, 265 (D. Minn. 2001) (denying class certification where members of the class would recover a maximum of $25 each).

Plaintiffs, on the other hand, have cited several cases that have held that de minimis recovery does not prevent class certification of FDCPA claims. The Seventh Circuit has ruled

---

maximum statutory damages in an individual action, and is de minimis. As our decision would be the same regardless of which set of the numbers Defendant gives are accurate, we need not decide at this stage whether the most recently estimated net worth and class size are accurate.

that neither Rule 23 nor the FDCPA require more than de minimis recovery per class member in order for a suit to go forward.  Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997); see also Macarz v. Transworld Sys., 193 F.R.D. 46, 55 (D. Conn. 2000) (following Mace, and stating, "Although class members may recover smaller damages amounts than would have been the case in individual actions, the Court finds that the class action vehicle is nonetheless superior, given the remote likelihood that such individual actions actually would be brought.").  In Abels v. JBC Legal Group, the court found that class litigation would be superior despite a finding that the class members might each only receive $0.25 in damages.  227 F.R.D. 541, 547 (N.D. Cal. 2005).  Weber v. Goodman examined the issue and related case law, and though realizing that the large class size would limit recovery of its members, it found that class action was the superior method of adjudication.  9 F. Supp. 2d 163, 170-71 (E.D.N.Y. 1998).  Other courts have come to the same conclusion.  Egge v. Healthspan Servs. Co., 208 F.R.D. 265, 271-72 (D. Minn. 2002); Nichols v. Northland Groups, Inc., 2006 U.S. Dist. LEXIS 15037 *40-42 (N.D. Ill. Mar. 31, 2006).

There is authority supporting both Plaintiff's and Defendant's positions.  However, we find the reasoning of the cases supporting an FDCPA class action despite de minimis recovery by the class members to be more persuasive.  While a de minimis recovery is a factor, we also consider whether the class members would be aware of their rights, would be aware that litigation would permit recovery beyond attorney's fees, and would be willing to pursue the litigation independently.  Defendant argues that the number of FDCPA cases before the courts shows that the statutory provisions create an incentive to litigate.  The statutory provisions do create an incentive for victims of unfair debt collection to litigate.  However, we do not assume

4

that class members understand the provisions well enough to know that it may be financially worthwhile to spend the time and effort to litigate these matters.  Also, the number of potential class members makes concentration of these claims desirable.  We also note that decertifying this class would (theoretically) create a perverse incentive for debt collectors using unfair practices to use them as widely as possible, in order to prevent a class action from being certified.  We therefore find class action is the superior method of adjudication.

Accordingly it is **ORDERED AND ADJUDGED** that the Defendant Client Services, Inc.'s Motion to Decertify Class [DE 118] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of May, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Donald A. Yarbrough, Esq.
Craig M. Shapiro, Esq.
Dale T. Golden, Esq.