UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61822-CIV-DIMITROULEAS

CECELIA A. HICKS, on behalf of
herself and all others similarly situated,

    Plaintiff,                                                                    Magistrate Judge Snow

vs.

CLIENT SERVICES, INC.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon the Plaintiff Cecelia A. Hicks's Motion for Reconsideration [DE 156] and Motion for Judicial Admission and Judicial Notice [DE 163] filed on June 11, 2009.  The Court has carefully considered the Motion, the Defendant's Response [DE 162], the Plaintiff's Reply [DE 164], and is otherwise fully advised in the premises.

On June 9, 2009, this Court issued an Order [DE 148] granting in part and denying in part Plaintiff's Motion for Summary Judgment.  In the Order, this Court denied Plaintiff's Motion as to the class's claims for damages under the FDCPA.  The Court reasoned that Plaintiff had failed to produce any evidence that the Plaintiff class consisted of "consumers", a necessary element under the FDCPA.  Plaintiff seeks this Court to reconsider our Order in that regard.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal citations omitted).  Three major grounds justify

1

reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. (citing Office Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); Sussman v. Salem Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla 1994)).  For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision.  Id. (citing Sussman, 153 F.R.D. at 694).  The "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Bautista v. Cruise Ships Catering & Serv. Int'l, N.V., 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004).  "A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has once determined." Bankers Life Ins. Co. v. Credit Suisse First Boston Corp., 2008 U.S. Dist. LEXIS 82343 *3 (S.D. Fla. Sept. 24, 2008).

A consumer under the FDCPA is "any natural person obligated or allegedly obligated to pay any debt", where "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. §§1692a(3),(5).  Plaintiff argues that because the parties stipulated that Ms. Hicks was a consumer as defined by the FDCPA, and because the Defendant submitted a class list to the Plaintiff, unrefuted evidence exists that the Plaintiff class are consumers under the FDCPA. Plaintiff argues that proof of Ms. Hicks's status as a consumer should be applied to the class as a whole.

Plaintiff is essentially attempting to reargue an issue already decided by the Court.  The

Court previously found that there was a genuine issue of material fact as to whether the Plaintiff class were consumers.  Plaintiff argues without authority that supplying a class list by the Defendant constitutes an admission that those on the list are proper class members.  We stated in our Order certifying the class that, "[a]lthough determining which debts are consumer [debts] will require some effort, there are means for making such determinations." [DE 90, pg 11].  This Court anticipated that some effort be made in determining which of the potential class members would properly belong in the Plaintiff class.  Though the parties expended considerable effort in removing businesses from the class list, that only partially addresses the issue of whether the class members incurred debts for personal, family, or household purposes.  Furthermore, "the fact that a case is proceeding as a class action does not in any way alter the substantive proof required to prove up a claim for relief." Alabama v. Blue Bird Body Co., 573 F.2d 309 (5th Cir. 1978).[1]  Plaintiff has not offered the substantive proof required to establish that the Plaintiff Class members are consumers under the FDCPA.

     Plaintiff's position in her Motion for Judicial Admission and Judicial Notice [DE 163] is the same as in her Motion for Reconsideration.  She seeks for this Court to find that the Plaintiff Class consists of consumers under the FDCPA based on the submission of the class list by Defendant to Plaintiff.  To reiterate, we do not find that the submission of the class list acted as an admission.  Plaintiff further argues that the class list should serve as an admission because it was submitted to Plaintiff in response to an Order [DE 109] requiring Defendant to remove businesses and duplicative entries.  The Magistrate Judge's Order only required that Defendant

---

[1] Former Fifth Circuit decisions rendered before October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

remove the names of businesses and duplicative entries from the class list. That Defendant did so does not amount to an admission that the remaining names on the class list incurred the debts for personal, family, or household purposes.

Finally, Plaintiff attaches in her Reply [DE 164] an email from Defendant's counsel offering Plaintiff and the Plaintiff class the maximum damages available under the FDCPA claims, but noting that Plaintiff's counsel has refused to advise Defendant on Plaintiff's attorney's fees and costs. Plaintiff argues that the offer for full recovery moots the issue of the FDCPA claims. The offer that Plaintiff alleges was made does not fall under Federal Rule of Civil Procedure 68(a), because it was not made more than ten (10) days prior to the trial. While there is authority supporting that an offer from the Defendant that would give the Plaintiff full recovery moots the issue by forcing acceptance by Plaintiff,[2] the Court cannot make the determination such an offer was made based on what was submitted by Plaintiff on the eve of trial.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff Cecelia A. Hicks's Motion for Reconsideration [DE 156] and Motion for Judicial Admission and Judicial Notice [DE 163] are hereby **DENIED**.

---

[2] "An offer of judgment for the fully monetary amount that a plaintiff may receive in the lawsuit, thus forces the plaintiff to accept the offer, for she will never be able to obtain a more favorable judgment at trial." West v. Health Net of the Northeast, 217 F.R.D. 163, 178 n.34 (D.N.J. 2003).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of June, 2009.

*William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Donald A. Yarbrough, Esq.
Craig M. Shapiro, Esq.
Dale T. Golden, Esq.