UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61822-Civ-Dimitrouleas/Snow

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

CLIENT SERVICES, INC.,

    Defendant.
_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Plaintiff Cecelia A. Hicks, ("Plaintiff"), individually and on behalf of the class she represents, and Defendant Client Services, Inc. ("Defendant") Jointly Move this Court for Preliminary Approval of Class Settlement and state as follows:

1.    In her Class Action Complaint, Plaintiff asserted claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") in connection with telephone calls placed by Defendant to the class members.[1]

---

[1] Plaintiff also asserted claims under the Telephone Consumer Protection Act, however, the Court declined to certify the TCPA class and Plaintiff's TCPA claim remained as an individual claim. Plaintiff's individual claim under the TCPA has been resolved, as stated on the record on June 17, 2009. Plaintiff informs the Court that she refused to engage in settlement negotiations regarding her individual claim under the TCPA until the class claim was settled and committed to writing. She did so to avoid a conflict of interest regarding her role as Class Representative for the FDCPA claim versus her role an individual litigant for her TCPA claim.

2. Defendant denies liability to Plaintiff and the class for the claims alleged herein but to avoid the cost of continuing litigation considers it desirable that the action and the claims alleged herein be settled, upon the terms and conditions set forth in the Class Settlement Agreement ("Agreement") executed by the parties, attached hereto as Exhibit A.

3. On December 11, 2008, this Court granted Plaintiff's Motion for Class Certification, defining the class as:

> (a) all Florida residents (b) to whom Defendant Client Services, Inc. left a telephone message (c) in an attempt to collect a debt incurred for personal, family, or household purposes (d) in which Defendant failed to state it is from a debt collector, or that it was an attempt to collect a debt (e) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

Docket # 90; Hicks v. Client Services, Inc., 2008 U.S.Dist.LEXIS 101129, *10, 2008 WL 5479111 (S.D.Fla. 2008). This Court appointed Plaintiff as class representative and, pursuant to Federal Rule of Civil Procedure 23(g), Donald A. Yarbrough and Craig M. Shapiro as class counsel. Id.

4. Counsel for the Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more

procedural and substantive appeals. Based upon their review and analysis, and after arms-length negotiations, Plaintiff and Defendant entered into the Agreement.

5. Pursuant to the Agreement, the parties have agreed to the following settlement:

(a) Defendant shall pay a total of $150,000.00 to the class to be distributed on a *pro rata* basis to each class member (statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B));

(b) Defendant shall pay Plaintiff $1,000.00 (statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B));

(c) Plaintiff shall be deemed the prevailing and successful party for purposes of an award of costs and attorney fees. Defendant shall pay Plaintiff's costs and reasonable attorney fees. The parties will attempt in good faith to agree on an amount of costs and attorney fees; if no agreement is reached, the issue will be submitted to the Court for determination; and

(d) Defendant shall pay the costs of class administration directly to the class administrator in advance of the services necessitating any such costs. Plaintiff's counsel shall be responsible for directing the class administrator.

6. The parties agree to defer to the Court to regarding whether or not the Class members shall have 45 days from the date Class Notice is mailed to opt out or enter an appearance or whether Class members shall be limited to simply objecting to the proposed settlement. Federal Rule of Civil Procedure 23(e)(4) allows the Court to require an additional opt out period be provided to the Class members.

Although the parties were unable to agree upon this issue in settlement negotiations, they have agreed to proceed in accordance with the Court's decision on this issue. To that end, the parties have submitted two proposed Preliminary Approval Orders (<u>Exhibits B-1 and B-2</u>) and two Class Notices (<u>Exhibits C-1 and C-2</u>). Proposed Order B-1 and Proposed Notice C-1 contemplates an additional opt-out period; Proposed Order B-2 and Proposed Notice C-2 contemplates only an objection period. They are identical in all other respects.

7.   Plaintiff and counsel for Plaintiff and the class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable and adequate, and would be in the best interest of the class members.

WHEREFORE, Plaintiff and Defendant respectfully request that this Court enter an order in the form of <u>Exhibit B-1 or B-2</u> which (i) grants preliminary approval of the proposed settlement; (ii) directs the mailing of notice in the form of <u>Exhibit C-1 or C-2</u>, subject to any modification deemed necessary by the Court; and (v) sets dates for opt-outs (if <u>Exhibit C-1</u> is approved), objections and schedules a hearing for final approval.

Donald A. Yarbrough, Esq.  
Attorney for Plaintiff  
Post Office Box 11842  
Fort Lauderdale, Florida  33339  

Dale T. Golden, Esq.  
Attorney for Defendant  
Golden & Scaz, PLLC  
Suite A

Telephone: 954-537-2000  2124 West Kennedy Boulevard
Facsimile: 954-566-2235  Tampa, FL 33606
Telephone: 813-251-3632
Facsimile: 813-251-3675


By: /s/ Donald A. Yarbrough  By: /s/ Dale T. Golden
Donald A. Yarbrough, Esq.  Dale T. Golden, Esq.

Craig M. Shapiro
Attorney for Plaintiff
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
craig@horwitzlaw.com

By: /s/ Craig M. Shapiro
Craig M. Shapiro, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 07-61822-Civ-Dimitrouleas/Snow

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

CLIENT SERVICES, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 19, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/Donald A. Yarbrough
                                            Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
Suite A
2124 West Kennedy Boulevard
Tampa, FL 33606
Telephone: 813-251-3632
Facsimile: 813-251-3675

Via Notices of Electronic Filing generated by CM/ECF