# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61822-Civ-Dimitrouleas/Rosenbaum

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

CLIENT SERVICES, INC.,

        Defendant.
_____/

## CLASS SETTLEMENT AGREEMENT

## RECITALS

1. **Parties.** The parties to this Class Settlement Agreement ("Agreement") are Plaintiff Cecelia A. Hicks ("Plaintiff"), individually, and on behalf of the class of persons defined below in Paragraph 9 ("Class"), and Defendant Client Services, Inc. ("Defendant").

2. **Nature of litigation.** Plaintiff brought this action in the United States District Court for the Southern District of Florida. In the Complaint, Plaintiff asserted claims on behalf of herself and the class pursuant to the Fair Debt Collection Practices Act ("FDCPA") in connection with Defendant's voice mails left for consumers in an attempt to collect a debt.

3. **Liability.** Defendant denies liability to Plaintiff and the Class for the claims alleged but considers it desirable that the action and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or could have been asserted in this lawsuit by Plaintiff or the class members against

Defendant. Plaintiff believes Defendant is liable but considers it desirable to settle the action upon the terms and conditions set forth in this Agreement.

4. Plaintiff, individually and on behalf of the class members, desires to settle the claims against Defendant, having taken into account the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive, with no guarantee of success.

5. Counsel for Plaintiff and the Class has investigated the facts available to them and the applicable law.

6. Based on the foregoing, and upon an analysis of the benefits that this Agreement affords the Class, Plaintiff's counsel considers it to be in the best interest of the Class to enter into this Agreement.

7. In consideration of the foregoing and other good and valuable consideration, Plaintiff and Defendant stipulate and agree that the claims of the named Plaintiff and the Class (defined in Paragraph 9) against Defendant should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions.

## TERMS

8. **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon (A) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the Class; finding that this Agreement is fair and made in good faith, providing for a subsequent dismissal of the claims of Plaintiff and the class members against Defendant with prejudice after all terms of the Final Approval Order are performed; and (B) if no objection is received, the expiration of five (5) days after entry of the final order; or (C) if an objection is received, the expiration of five (5) days after the time the final order, judgment and

decree becomes a final, non-appealable order; or (D) if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9. **Class**.  On December 11, 2008, this Court granted Plaintiff's Motion for Class Certification, defining the class as:

> (a) all Florida residents (b) to whom Defendant Client Services, Inc. left a telephone message (c) in an attempt to collect a debt incurred for personal, family, or household purposes (d) in which Defendant failed to state it is from a debt collector, or that it was an attempt to collect a debt (e) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

Docket # 90;  Hicks v. Client Services, Inc., 2008 U.S.Dist.LEXIS 101129, *10, 2008 WL 5479111 (S.D.Fla. 2008).

This Court appointed Plaintiff as class representative and, pursuant to Federal Rule of Civil Procedure 23(g), Donald A. Yarbrough and Craig M. Shapiro as class counsel. Id.

10. **Relief to Plaintiff and the Class.**  Defendant shall provide the following relief to Plaintiff and the Class:

(a) Defendant shall pay a total of $150,000.00 to the class to be distributed on a *pro rata* basis to each class member who does not timely opt out of the settlement (statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B));

(b) Defendant shall pay Plaintiff $1,000.00 (statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B));

(c) Plaintiff shall be deemed the prevailing and successful party solely for purposes of an award of costs and attorney fees. Defendant shall pay Plaintiff's costs and reasonable attorney fees. The parties will attempt in good faith to agree on an amount of costs and attorney fees; if no agreement is reached, the issue will be submitted to the Court for determination; and

  (d)  Defendant shall pay the costs of class administration directly to the class administrator in advance of the services necessitating any such costs. Plaintiff's counsel shall be responsible for directing the class administrator.

  11.  The parties agree to allow the Court to determine whether Class members shall have 45 days from the date Class Notice is mailed to opt out enter an appearance, or whether Class members shall be limited to simply be limited to objecting to the proposed settlement.

  12.  Within fifteen (15) days of the Effective Date, Defendants shall provide Plaintiff's counsel with a check in an amount that includes the amounts contemplated by Paragraphs 10(a) and (b) above, totaling $151,000.00. Plaintiff's counsel shall distribute $1,000.00 to Plaintiff and $150,000.00 to Class Administrator for *pro rata* distribution as a settlement check to each class member who has not timely opted out.  Settlement checks shall be void 45 days after issuance.

  13.  Within thirty (30) days following the void date of the class members' checks described in Paragraphs 10(a) above, any uncashed checks or undistributed funds will be distributed by Plaintiff's counsel to Legal Aid Service of Broward County as a *cy pres* award for use in consumer representation and education.

  14.  **Release.  The parties agree that this release is not applicable to Plaintiff's individual TCPA claim**. Plaintiff and the class members hereby remise, release and forever discharge Defendant and its present or former partners, members, principals, insurers, parents, officers, directors, clients (only to the extent of any vicarious liability for the actions of Client Services, Inc., and not for any other liability) representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns (hereinafter collectively "RELEASED PARTIES") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, that were made or which could have

been made by Plaintiff on behalf of herself and on behalf of the above-defined class in the lawsuit filed in the United States District Court for the Southern District of Florida entitled *Hicks v. Client Services, Inc.*, Case No. 07-61822-CIV. This release is conditioned upon the final approval of the Agreement by the Court and the parties meeting their respective obligations stated herein.

15. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16. **Attorney's Fees, Notice Costs and Related Matters.** Defendant shall pay Plaintiff's costs and reasonable attorney fees, as well as the costs of class administration. Defendant agrees to pay the costs of class notice previously sent by the Class Representative. With respect to Plaintiff's costs and reasonable attorney fees (exclusive of costs of class administration), the parties will attempt in good faith to agree upon an amount; however, if no agreement is reached, the issue will be submitted to the Court for determination. The costs and attorney fees awarded by the Court shall be paid within fifteen (15) days of the Effective Date or of the Court's determination of this issue, whichever is later.

17. **Notice.** Plaintiff will require the Class Administrator to cause notice as approved by the Court to be provided to the Class by U.S. Mail. Defendant has provided Plaintiff's Counsel with the class list. Within a reasonable amount of time after entry of the Preliminary Approval Order or as is required by the Court, Plaintiff shall cause Class Administrator to send actual notice as approved by the Court to the last known addresses of the class members, according to Defendant's records as updated from an NCOA search by Class Administrator.

18. **Preliminary approval.**  As soon as practicable after execution of this Agreement, the parties shall make application to the Court for an order which:

   a. Preliminarily approves this Agreement;

   b. Schedules a hearing for final approval of this Agreement;

   c. Approves the form of notice to the Class, to be directed to the last known address of the class members as shown on Defendant's records as updated by an NCOA search by Class Administrator; and

   d. Finds that mailing of the class notice and the other measures specified in Paragraph 17 is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

19. The parties agree to request the form of notice attached to the Joint Motion as Exhibit C and propose the form of preliminary approval order attached to the Joint Motion as Exhibit B.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

20. **Final approval.**  At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Plaintiff and Defendant shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the Class satisfies the requirements of due process and Rule 23, and providing for a subsequent dismissal of the claims of Plaintiff and the class members against Defendant with prejudice after all terms of the Final Approval Order are performed.

21. The parties agree to request the form of final order attached to the Joint Motion as Exhibit D.  The fact that the Court may require non-substantive changes in the final order does not invalidate this Agreement.

22. **Uncashed Checks.** On or about 14 days after the void date of the class settlement checks, Plaintiff's counsel shall obtain from Class Administrator the total number of uncashed checks and resulting amount of monies undistributed. The amounts from uncashed checks shall be distributed by Plaintiff's Counsel as described in Paragraph 13 above.

23. **Miscellaneous Provisions.** The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

24. Notices of objections to this Agreement shall be filed with the court and notice sent to the Class Administrator.

25. The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

26. This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

27. Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiff, the members of the Class, and any of their heirs, successors, personal

representatives and assigns, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

28. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Florida.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on June 16, 2009.

**For Plaintiff and the Class**

s/ Cecelia A. Hicks
Cecelia A. Hicks

Date:   June 16, 2009

**For Client Services, Inc.:**

s/ David S. Ebeling

Printed Name: David S. Ebeling

Title: Assistant Vice President

Date:   June 16, 2009