UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61822-Civ-Dimitrouleas/Snow

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

CLIENT SERVICES, INC.,

    Defendant.
_____/

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiff Cecelia A. Hicks, on behalf of herself and the class she represents, and Defendant Client Services, Inc. have reached an agreement to settle this matter which was brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff and Defendant have filed a joint motion for the Court's approval pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), and submit this Memorandum in Support thereof.

**I.    PROCEDURAL HISTORY**

On December 13, 2007, Plaintiff filed this class action lawsuit in the United States District Court for the Southern District of Florida, alleging that Defendant violated the FDCPA. (DE 1).

On December 11, 2008, this Court granted Plaintiff's Motion for Class Certification, defining the class as:

> (a) all Florida residents (b) to whom Defendant Client Services, Inc. left a telephone message (c) in an attempt to collect a debt incurred for personal, family, or household purposes (d) in which Defendant failed to state it is from a debt collector, or that it was an attempt to collect a debt (e) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

Docket # 90; Hicks v. Client Services, Inc., 2008 U.S.Dist.LEXIS 101129, *10, 2008 WL 5479111 (S.D.Fla. 2008). This Court appointed Plaintiff as class representative and, pursuant to Federal Rule of Civil Procedure 23(g), Donald A. Yarbrough and Craig M. Shapiro as class counsel. Id.

The parties have engaged in extensive settlement negotiations. Trial was scheduled to begin the morning of June 17, 2009. On the eve of trial, late on June 16, 2009, the parties agreed to terms of a class-wide settlement.

The parties have reached a class-wide settlement regarding all issues subject to the Court's approval and, pursuant to Rule 23(e), request the Court to grant approval of the class action settlement.

## II.  STATEMENT OF FACTS

The parties have reached a class-wide settlement agreement pursuant to which:

    (a)    Defendant shall pay a total of $150,000.00 to the class to be distributed on a *pro rata* basis to each class member who does not

    timely opt out of the settlement (statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B));

(b) Defendant shall pay Plaintiff $1,000.00 (statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B));

(c) Plaintiff shall be deemed the prevailing and successful party for purposes of an award of costs and attorney fees. Defendant shall pay Plaintiff's costs and reasonable attorney fees. The parties will attempt in good faith to agree on an amount of costs and attorney fees; if no agreement is reached, the issue will be submitted to the Court for determination; and

(d) Defendant shall pay the costs of class administration directly to the class administrator in advance of the services necessitating any such costs. Plaintiff's counsel shall be responsible for directing the class administrator.

The parties agree to defer to the Court regarding whether Class members shall have 45 days from the date Class Notice is mailed to opt out or enter an appearance or whether Class members shall be limited to simply objecting to the proposed settlement. Plaintiff believes Rule 23(e)(4) allows the Court to require an additional opt out period be provided to the Class members.

FRCP 23(e)(4) provides: "If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so."

Although the parties were unable to agree on this issue in settlement negotiations, they do agree to proceed in accordance with the Court's decision on this issue.

## III. STATEMENT OF QUESTION PRESENTED

Should the Court grant approval of the parties' class action settlement agreement as fair, reasonable, and adequate?

The parties respectfully suggest that this question should be answered in the affirmative.

## IV. ARGUMENT

### A. STANDARD FOR APPROVAL OF A CLASSWIDE SETTLEMENT

"Rule 23(e) wisely requires court approval of the terms of any settlement of a class action . . ." Evans v. Jeff D., 475 U.S. 717 (1986).

The Southern District of Florida has described the standard for approval of a class settlement as, "[a] district court can approve a class action settlement only if it is fair, adequate and reasonable, and … not the product of collusion." Behrens v. Wometco Enterprises, Inc., 118 F.R.D. 534, 538 (S.D. Fla.1988). See also Reynolds v. Benefit Nat'l Bank, 288 F.3d 277, 279 (7th Cir. 2002). The Eleventh Circuit has approved six factors to be used in determining whether a settlement is fair, adequate and reasonable:

> These factors are: (1) Plaintiff's likelihood of success on the merits; (2) the range of possible recovery; (3) the point on or below the range of recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1982). The Ninth Circuit has considered the standard for approval of a class settlement and stated:

> Fed. R. Civ. P. 23(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the court …" although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the "universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable." Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615 at 625 (9th Cir.1982), cert. denied, 459 U.S. 1217, 75 L.Ed.2d 456, 103 S.Ct.1219 (1983). See, generally Marc Glaner, *The Federal Rules and Quality of Settlements,* 137 U.Pa.L.Rev. 1231 (1989).

Class v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir.1992).

The Class Action Settlement Agreement meets the standard of fundamental fairness and should be preliminarily approved by this Court.

### B. THE TERMS OF SETTLEMENT ARE FUNDAMENTALLY FAIR.

The settlement proposed here is fair to all parties and class members. The FDCPA provides for statutory damages to the class not to exceed 1% of the net worth of Defendant. 15 U.S.C. § 1692k(a)(2)(B). Defendant has produced documentary evidence of its current net worth as $14,945,841. Therefore, the

maximum the class could recover at trial – 1% of Defendant's net worth – is $149,458.41. Plaintiff has obtained $150,000.00 in statutory damages for the class.[1]

Defendant has also agreed to pay for class notice and administration, including the cost of the notice previous sent to the class members by Plaintiff. Finally, Defendant has agreed to pay costs and attorneys fees as approved by the Court.

As discussed below, consideration of the factors delineated above lead to the conclusion that preliminary approval of the Settlement should be granted.

### 1. Strength of Plaintiff's Case Compared to Defendant's Settlement Offer

Plaintiff has alleged that Defendant violated the FDCPA by leaving voice mails that violate the FDCPA.

At trial, Defendant would present evidence that the class members did not incur consumer debts, and even if liability is proven, that the class is entitled to little or no damages, based on the criteria required by the FDCPA. While Plaintiff is confident she will prevail on the claims for relief, Defendant may be successful in its efforts to eliminate or reduce the amount of damages sought. Nevertheless,

---

[1] Defendant has also agreed to pay Plaintiff and Class Representative Cecelia A. Hicks $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff has obtained for the class members more than the maximum statutory damages permitted by law.

Class statutory damages are based on the net worth of Defendant. 15 U.S.C. 1692k(a)(2)(B). Defendant's net worth has been shown to be $14,945,841. Therefore, the maximum the class could recover at trial – 1% of Defendant's net worth – is $149,458.41. Plaintiff has obtained $150,000.00 in statutory damages for the class. The factors to be used by the Court in determining the amount of statutory damages include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. 1692k(b)(2). It is certainly not guaranteed that the class would receive the maximum amount of statutory damages from the jury.

Nonetheless, the agreed settlement amount of $150,000 for the class represents an amount for the class members that is more than the maximum they could recover under the FDCPA.

### 2. Assessment of the Likely Complexity, Length and Expense of Further Litigation

Although this case is not overly complex, further litigation would be expensive. Indeed, trial was scheduled for the morning after this settlement was reached. Trial would cause both parties to incur significant expense and attorney

fees. There would be a high likelihood of either or both parties appealing the final judgment in this matter as well.

Because of the issues regarding liability and the factors used to determine damages, the agreement reached is beneficial to the class because of the risk regarding the amount of damages the class could recover at trial. It is possible that, following lengthy and expensive proceedings, little or no compensation would be recovered for the class. It is certain that less money would be recovered than Plaintiff has obtained for the class pursuant to the Settlement Agreement. Indeed, Plaintiff recovered for the class members more than is permitted by the FDCPA.

It is clear that continued litigation would be expensive and would prolong the duration before any possible recovery, especially if one or both parties appeal the final judgment. The tenacity displayed by both parties thus far in the settlement negotiations strongly suggests that the matter would be vigorously prosecuted and defended at trial — and beyond.

### 3. An Evaluation of the Amount of Opposition to Settlement Among Affected Parties

Although notice of the existence of the suit has been sent to the class members, notice regarding the settlement has not yet been sent to any of the class members. Therefore, there is no known reaction to this proposed settlement. Should any class member oppose the terms of the settlement, they may file an objection and be heard. Additionally, the parties defer to the Court's discretion

regarding whether or not class members may opt out of the settlement. Should this Court decide that they may, then if the class members do not favor this settlement, they may opt-out and bring their own lawsuit against Defendant should they so desire.

### 4.     The Opinion of Competent Counsel

Plaintiff and the class are represented by Donald A. Yarbrough and Craig M. Shapiro. Mr. Yarbrough has been an attorney for over thirteen years, primarily in the area of consumer protection litigation. He has litigated several hundred cases under the FDCPA. Mr. Shapiro is a fifth-year associate, having worked almost exclusively in the areas of consumer and class action litigation. He was described by Judge Gottschall of the Northern District of Illinois as "highly experienced in class actions." Acik v. I.C. System, Inc., 251 F.R.D. 332, 336 (N.D.Ill. 2008). See Declarations of Donald A. Yarbrough and Craig M. Shapiro in Support of Plaintiff's Motion for Class Certification, adopted herein. (DE 64 & 65).

Defendant is represented by Dale T. Golden. Mr. Golden has been in practice for 12 years. Mr. Golden practices primarily in the area of consumer litigation.

Both counsel for Plaintiff and Defendant believe that under the circumstances the proposed settlement is fair, reasonable, and adequate, and recommend that the Court approve the settlement of this litigation.

### 5. The Amount of Discovery Completed at Time of Settlement

Discovery is complete. The only remaining stage of this case would have been trial the morning after this settlement was reached. Based on Defendant's net worth, Plaintiff recovered for the class more than would have been available at trial.

Upon consideration of the foregoing five factors, the proposed settlement of this litigation is fair, reasonable, and adequate. The parties request the Court to approve the settlement of this class action.

### C. ISSUE REGARDING OPT-OUT

The parties agreed to leave to the Court's discretion the issue of whether or not to permit the class members an additional opportunity to exclude themselves from the settlement. Notice was sent to the class members on April 29, 2009, and approximately 200 individuals have excluded themselves from the class action.

Federal Rule of Civil Procedure 23(e)(1) states: "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(e)(4) states: "If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so."

As stated, the parties leave this issue to the discretion of this Court.

## V.   CONCLUSION

The parties request that the Court grant preliminary approval of the class action settlement agreement and direct whether or not the class members are afforded a new opportunity to request exclusion. The agreement is fair, reasonable, and adequate to the parties and class members.


Donald A. Yarbrough, Esq.              Dale T. Golden, Esq.
Attorney for Plaintiff                 Attorney for Defendant
Post Office Box 11842                  Golden & Scaz, PLLC
Fort Lauderdale, Florida  33339        Suite A
Telephone: 954-537-2000                2124 West Kennedy Boulevard
Facsimile: 954-566-2235                Tampa, FL 33606
                                       Telephone: 813-251-3632
                                       Facsimile: 813-251-3675



By:  /s/ Donald A. Yarbrough           By: /s/ Dale T. Golden
Donald A. Yarbrough, Esq.              Dale T. Golden, Esq.

Craig M. Shapiro
Attorney for Plaintiff
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
craig@horwitzlaw.com

By:  /s/ Craig M. Shapiro
Craig M. Shapiro, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 07-61822-Civ-Dimitrouleas/Snow

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

CLIENT SERVICES, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 19, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  s/Donald A. Yarbrough
                                  Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
Suite A
2124 West Kennedy Boulevard
Tampa, FL 33606
Telephone: 813-251-3632
Facsimile: 813-251-3675

Via Notices of Electronic Filing generated by CM/ECF