UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61822-Civ-Dimitrouleas/Snow

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

CLIENT SERVICES, INC.,

        Defendant.
_____/

**PLAINTIFF'S VERIFIED MOTION FOR
<u>AN AWARD OF COSTS AND ATTORNEY FEES</u>**

Plaintiff Cecelia A. Hicks moves the Court for an Order that Defendant Client Services,

Inc. shall pay to Plaintiff an award of costs, litigation expense, and attorney fees for Defendant's

violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq*. The following is

stated in support thereof.

**I.      <u>PROCEDURAL HISTORY</u>**

      **A.     Pleadings**

      1.      On February 2, 2008, Plaintiff Cecelia A. Hicks filed her First Amended Class

Action Complaint alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.

§§1692 *et seq*. ("FDCPA").[1]

      **B.     Discovery**

      2.      The parties exchanged written discovery requests and responses.

      3.      On September 22, 2008, this Court granted Defendant's Motion for Extension of

---

[1] On August 15, 2008, this Court granted (DE 32) Plaintiff's Motion to File Second Amended Complaint (DE 24-2), which added alleged violations of the Telephone Consumer Protection Act; however, Plaintiff does not seek recovery of attorney fees related to those claims.

Time to Complete Discovery and File Dispositive Motions. (DE 46).

4.      On September 19, 2008, Plaintiff filed her Motion to Compel Discovery,

requesting the Court to Order Defendant to produce documents in response to her First Set of

Request for Production of Documents (Request # 15), as well as the entirety of her Second Set of

Request for Production of Documents. On October 10, 2008, this Court granted in part and

denied in part Plaintiff's Motion to Compel. (DE 60).

5.      On September 23, 2008, Plaintiff took the Rule 30(b)(6) deposition of Defendant.

6.      On September 30, 2008, Plaintiff sat for her deposition.

**C.      Mediation**

7.      On October 3, 2008, the parties participated in a Mediation Conference before

Samuel L. Heller. The parties reached an impasse. (DE 59).

**D.      Class Certification, Class Notice, and Intervention**

8.      On October 15, 2008, Plaintiff filed her Motion for Class Certification and

documents in support thereof. (DE 61-65). On November 10, 2008, Defendant filed its

Opposition thereto. (DE 71). On November 21, 2008, Plaintiff filed her Reply Memorandum in

support thereof. (DE 79).   December 11, 2008, this Court granted in part and denied in part

Plaintiff's Motion for Class Certification, certifying an FDCPA class of consumers. (DE 90).

Hicks v. Client Services, Inc., 2008 U.S.Dist.LEXIS 101129, 2008 WL 5479111 (S.D.Fla. 2008).

9.      On December 12, 2008, this Court ordered Plaintiff to file a proposed class notice

by January 8, 2009, and Defendant to file any objections thereto within ten days of its filing. (DE

91). On January 6, 2009, Plaintiff filed her proposed class notice. (DE 94). On January 22, 2009,

this Court entered an Order to Show Cause Why Court Should Not Approve Proposed Class

Notice, ordering Defendant to file any objections to Plaintiff's proposed class notice by January

29, 2009. (DE 97). On February 3, 2009, noting that Defendant had "yet to file any objections or otherwise respond to the Proposed Class Notice or this Court's Order to Show Cause," this Court Approved Plaintiff's Proposed Class Notice. (DE 106).

10.     On January 8, 2009, this Court entered an Order Resetting Trial Date and Pretrial Deadlines. (DE 96). This Order required Defendant to provide Class Counsel with the Class List by January 26, 2009, and Plaintiff to mail the Class Notice by February 23, 2009.

11.     On January 29, 2009, Plaintiff filed her Motion to Show Cause Why Defendant Should Not Be Held in Contempt and to Extend the Deadline to Mail Class Notice. (DE 100). Defendant had provided Class Counsel with several rounds of class lists, each sent after Class Counsel identified several deficiencies, including the inclusion of business entities, duplicate entries, and nonsensical entries. Plaintiff filed this Motion because after several opportunities to cure its deficient class list, Defendant failed to provide an accurate and complete class list. On February 11, 2009, Magistrate Judge Rosenbaum denied Plaintiff's Motion; however, His Honor stated, "Although the Court declines to find Defendant in contempt, the Court does find the class list provided by Defendant requires further revision. Consequently, the Court will require Defendant to provide Plaintiff with a further revised class list by no later than February 13, 2009. This revised class list must not contain any business entities or duplicative entries." (DE 109).

12.     On February 13, 2009, Defendant provided Class Counsel with a revised class list; however, the new list contained approximately 120,000 individuals – more than double the size of the original class list. Defendant's inflated class list, along with its written threats to file a motion to decertify based on the potential *de minimis* recovery (due to the increased class size), forced Plaintiff to two motions: Motion to Extend Time to Mail Class Notice (DE 112) and Motion to Require Defendant to Explain the 115% Increase in Class Size and to Require

Defendant to File any Motion for Decertification by a Date Certain Prior to Sending Class Notice (DE 114). Plaintiff's Motion to Extend was Granted (DE 113) and her Motion to Require Defendant to Explain was denied as moot (DE 121) due to the substance of Defendant's later-filed Motion to Decertify (discussed below).

13.     On March 25, 2009, Defendant filed its Motion to Decertify Class. (DE 118). On April 7, 2009, Plaintiff filed her opposition thereto. (DE 123). Defendant filed its Reply in Support on April 13, 2009. (DE 125). On June 1, 2009, this Court denied Defendant's Motion to Decertify Class. (DE 137). Hicks v. Client Services, Inc., 257 F.R.D. 699 (S.D.Fla. 2009).

14.     On May 19 and June 2, 2009, two class members filed Complaints and Interventions. (DE 133 and 138). On May 21 and June 3, 2009, this Court ordered the parties to respond to those interventions. (DE 134 and 139). Plaintiff filed her Response in Opposition to the Complaints and Interventions.  On June 12, 2009, this Court construed the Complaints and Interventions as Motions to Intervene and denied same. (DE 157).

**E.      Summary Judgment**

15.     On October 18, 2008, Plaintiff filed her Motion for Summary Judgment and documents in support thereof. (DE 66-68). On November 10, 2008, Defendant filed its Opposition thereto. (DE 71-74). On November 28, 2008, Plaintiff filed her Reply Memorandum in support thereof. (DE 81). On January 29, 2009, Plaintiff filed a Notice of Supplemental Authority regarding her Motion for Summary Judgment. (DE 102).

16.     Defendant did not file a dispositive motion.

17.     On June 10, 2009, this Court granted in part and denied in part Plaintiff's Motion for Summary Judgment. (DE 148). Hicks v. Client Services, Inc., 2009 WL 2365637 (S.D.Fla. 2009). On June 11, 2009, Plaintiff filed her Motion for Reconsideration as to the portion of the

Order denying her Motion for Summary Judgment. (DE 156). Defendant filed its opposition thereto on June 15, 2009. (DE 162). Plaintiff filed her Reply in Support thereof on June 16, 2009. (DE 164). On June 17, 2009, this Court denied Plaintiff's Motion for Reconsideration. (DE 167).

**F.    Trial**

18.    On May 29, 2009, the parties filed their Joint Pretrial Stipulation, inclusive of the parties' exhibit and witness lists, which were attached as exhibits. (DE 135).

19.    On May 29, 2009, Plaintiff filed a Motion in Limine seeking an Order prohibiting from testifying a defense witness disclosed that very day. (DE 136). Defendant did not file a response. On June 10, 2009, this Court entered an Order to Show Cause Why Motion Should Not be Granted. (DE 147 *amended* by DE 152). Subsequent to the entry of the Order to Show Cause, Defendant filed its Response to Plaintiff's Motion in Limine on June 10, 2009. (DE 150). On June 12, 2009, this Court granted Plaintiff's Motion in Limine. (DE 157).

20.    On June 5, 2009, Plaintiff filed her proposed jury instructions. (DE 140). On June 8, 2009, Defendant filed its proposed jury instructions. (DE 141). On June 11, 2009, Defendant filed a second set of proposed jury instructions, although not titled as such. (DE 151).

21.    On June 9, 2009, Plaintiff filed her designation of deposition transcripts. (DE 143).

22.    On June 10, 2009, the parties filed their proposed voir dire questions. (DE 146 and 149).

23.    On June 15, 2009, Plaintiff filed her Motion for Judicial Admission and Judicial Notice. (DE 163). On June 17, 2009, this Court denied Plaintiff's Motion. (DE 167).

**G.    Settlement**

24.    In the weeks approaching trial, the parties engaged in extensive settlement

negotiations.

25.     On the night before trial, the parties reached a settlement. On June 16, 2009, Plaintiff filed a Notice of Settlement. (DE 166). The parties reached a comprehensive agreement in which 1) Defendant agreed to pay the class members $150,000 – more than the maximum statutory damages permitted by the FDCPA; 2) Defendant agreed to pay Ms. Hicks $1,000 – the maximum statutory damages permitted by the FDCPA; 3) Defendant agreed to pay Ms. Hicks $50,000 for her TCPA claim; 4) Defendant agreed to pay the costs of class administration; and 5) Defendant agreed to pay Plaintiff's costs and reasonable attorney fees. The parties executed a Class Settlement Agreement on June 16, 2009.

26.     After the claims of the class were resolved, the parties negotiated Plaintiff's claims under the TCPA. Defendant agreed to pay Plaintiff $49,000 for the 49 calls to her cell phone found by this Court to have violated the TCPA.

27.     On June 19, 2009, the parties filed their Joint Motion for Preliminary Approval of Class Settlement and supporting documents. (DE 171-172).

28.     On June 25, 2009, this Court entered an Order preliminarily approving the class settlement. (DE 173). The Order directed Plaintiff to have the Class Administrator mail notice of the settlement to class members on or before July 17, 2009. Plaintiff complied, ensuring that the notice of settlement was sent to the class members by July 17, 2009.

29.     On September 8, 2009, the Court held a Fairness Hearing regarding the class settlement. No objections to the Settlement Agreement were raised, nor did Defendant appear, personally or through counsel. (DE 181).

30.     On September 16, 2009, this Court entered an Order Granting Final Approval of Class Settlement. (DE 183). The Order directed Plaintiff to administer payment to the class and

the *cy pres* award. The Order further directed Class Counsel to petition the Court for attorney

fees and costs and expenses of this lawsuit within thirty (30) days of entry of the Order.

## II.    COSTS, LITIGATION EXPENSES, AND ATTORNEY FEES

31.    Plaintiff herein was represented by Donald A. Yarbrough and Craig M. Shapiro.

32.    Plaintiff's attorney Donald Yarbrough has expended a total of 207.21 hours on

behalf of Plaintiff.[2] See Declaration of Donald Yarbrough in Support of Plaintiff's Motion for

Award of Costs and Attorney Fees.

33.    The hourly rate for the services provided by Donald Yarbrough is $350.00 per

hour.

34.    The reasonable attorney fee for the services of Donald Yarbrough in this matter is

$72,523.50 (207.21 hours x $350/hr = $72,523.50).

35.    Mr. Yarbrough incurred costs and litigation expenses of $29,921.55 in

prosecution of this matter. See Declaration of Donald Yarbrough in Support of Plaintiff's Motion

for Award of Costs and Attorney Fees.

36.    Plaintiff's attorney Craig M. Shapiro has expended a total of 153.3 hours on

behalf of the Plaintiff through the September 8, 2009 – the date of the fairness hearing.[3]  Mr.

Bragg's supervising partner, O. Randolph Bragg, spent a total of 68.4 hours on this litigation

through that date.[4] An itemized account of the total is contained in Declaration of Craig M.

Shapiro in Support of Plaintiff's Motion for Award of Costs and Attorney Fees.

37.    The hourly rate for the services provided by Mr. Shapiro is $250.00 per hour. The

hourly rate for the services provided by Mr. Bragg is $465.00 per hour. See Declaration of Craig

M. Shapiro in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees.

---

[2] Mr. Yarbrough also spent 47.25 hours of unbilled time on this litigation.
[3] Mr. Shapiro also spent 8.5 hours of unbilled time on this litigation.
[4] Mr. Bragg also spent 35.8 hours of unbilled time on this litigation.

38.     The total lodestar calculation for the services of Craig Shapiro is $38,325.00 (153.3 hours x $250/hr. = $38,325.00).  The total lodestar calculation for the services of O. Randolph Bragg is $31,806.00 (68.4 hours x $465/hr. = $31,806.00).  The total lodestar calculation for Mr. Shapiro's firm regarding this litigation is $70,131.00.

39.     Mr. Shapiro's law firm incurred costs and litigation expenses of $44,394.67 in the prosecution of this litigation. <u>See</u> Declaration of Craig Shapiro in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees.

The total cost of sending class notice was $69,394.67, which is the aggregate of the three invoices attached as <u>Exhibit B</u> to Declaration of Craig M. Shapiro.

40.     Plaintiff's attorneys will submit Supplemental Declarations after the completion of the briefing of this motion, detailing the additional time and costs expended.

41.     This motion is further supported by the accompanying memorandum of law.

42.     The total reasonable attorney fees for the services of Plaintiff's counsel is $142,654.50 and costs of $74,316.22, for a total of $216,970.72.

44.     Pursuant to Rule 7.3B, Local Rules of the United States District Court, Southern District of Florida, Plaintiff provides the following disclosures concerning the instant application for attorney fees and costs:

(i) <u>Specification of Judgment, Statute, Rule or Other Grounds Entitling the Moving Party to the Award</u> - this application is based on the Final Approval Order entered on September 16, 2009 (DE 183). The entitlement to fees is based on 15 U.S.C. § 1692k(a)(3) of the FDCPA.

(ii) <u>Amount or Fair Estimate of the Amount Sought</u> - Plaintiff seeks to recover attorney fees in the amount of $142,654.50 calculated as the following:

| Attorney | Hours | Hourly Rate | Attorney Fee |
|----------|-------|-------------|--------------|
| Donald A. Yarbrough | 207.21 | $350.00 | $72,523.50 |
| Craig M. Shapiro | 153.3 | $250.00 | $38,325.00 |
| O. Randolph Bragg | 68.4 | $465.00 | $31,806.00 |

(iii) <u>Disclosure of Terms of Any Agreement with Respect to Fees to be Paid for Services for Which the Claim is Made</u> – Mssrs. Yarbrough, Shapiro, and Bragg are employed under a written agreement with attorney fees to be determined by the Court. The agreement does not provide for Plaintiff to compensate her counsel from her own funds, nor has she.

(iv) <u>Description in Detail of Number of Hours Reasonably Expended, the Bases for Those Hours, the Hourly Rate(s) Charged, and the Identity of the Time Keeper(s)</u> – Plaintiff has provided contemporaneous time records as attachments to the Declarations of Donald A. Yarbrough and Craig M. Shapiro which provide details concerning the instant fee application. The time records were maintained contemporaneously using attorney time-keeping software.

(v) <u>Description in Detail of All Reimbursable Expenses</u> - Plaintiff seeks to recover the following costs and expenses:

| | |
|---|---|
| Filing Fee - U.S. District Court | $ 350.00 |
| Service of Process - Defendant | $ 55.00 |
| Pro Hac Vice Fee – Craig M. Shapiro | $ 75.00 |
| Pro Hac Vice Fee – O. Randolph Bragg | $ 75.00 |
| Mediation Fee | $ 353.00 |
| 30(b)(6) Deposition of Defendant (court reporter) | $ 1,131.60 |
| 30(b)(6) Deposition of Defendant (videographer) | $ 828.00 |
| Airfare to/from St. Louis for | |
|     30(b)(6) Deposition of Defendant | $ 725.00 |
| Deposition of Plaintiff | $ 295.45 |
| Class Notice | $69,394.67 |
| Trial Exhibits | $ 1,033.50 |
| Total | $74,316.22 |

WHEREFORE, Plaintiff Cecelia A. Hicks requests this Honorable Court to award

reasonable attorney fees for the services of Plaintiff's counsel in the amount of $142,654.50 and costs of $74,316.22, for a total of $216,970.72.

| Attorney's Office | Attorney Fees | Costs | Total |
|---|---|---|---|
| Donald A. Yarbrough | $72,523.50 | $29,921.55 | **$102,445.05** |
| Craig M. Shapiro | $70,131.00 | $44,394.67 | **$114,525.67** |
| **Total** | **$ 142,654.50** | **$74,316.22** | **$216,970.72** |

Plaintiff further requests costs and attorney fees for the time expended litigating this motion.

## **CERTIFICATION PURSUANT TO RULE 7.3 B**

The undersigned has reviewed the time records and supporting data in this matter and this Motion is well grounded in fact and is justified.

s/Donald A. Yarbrough
DONALD A. YARBROUGH

## **CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1 A 3(a)**

Plaintiff's counsel conferred with Defendant's counsel in a good faith effort to resolve this motion and was unable to do so.

## **VERIFICATION**

I, Donald A. Yarbrough, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the foregoing statements are true.

Executed this 16th day of October, 2009 at Fort Lauderdale, Florida

s/Donald A. Yarbrough_____
DONALD A. YARBROUGH

I, Craig M. Shapiro, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the foregoing statements are true.

Executed this 16th day of October, 2009 at Chicago, Illinois

s/Craig M. Shapiro
CRAIG M. SHAPIRO

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Fax: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

CRAIG M. SHAPIRO
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
craig@horwitzlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61822-Civ-Dimitrouleas/Snow

CECELIA A. HICKS,
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

CLIENT SERVICES, INC.,

      Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 16, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.

## SERVICE LIST

Dale T. Golden, Esq.
Golden & Scaz, PLLC
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Telephone 813-251-3632
Facsimile 813-251-3675

Via transmission of Notices of Electronic Filing generated by CM/ECF

- 12 -